MEMORANDUM **
Jose Luis Rios-Flores appeals from the 10-month sentence imposed following revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
Rios-Flores contends that the scheme of supervised release revocation violates the rule of Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). He acknowledges the contrary authority of United States v. Pluerta-Pimental, 445 F.3d 1220 (9th Cir.2006), and United States v. Santana, 526 F.3d 1257 (9th Cir.2008), but contends that these cases conflict with Cunningham v. California, 549 U.S. 270, 127 S.Ct. 856, 166 L.Ed.2d 856 (2007), and Butler v. Curry, 528 F.3d 624 (9th Cir.2008). We reject these contentions. See Santana, 526 F.3d at 1262 (holding that Cunningham does not impact the validity of 18 U.S.C. § 3583’s procedure for revocation of supervised release); see also Butler, 528 F.3d at 635 (analyzing Cunningham in the context of an initial sentencing, not in the context of supervised release).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.